UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET CANO,<br>　　　　　　　　　Movant,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　Respondent. | Case No.: 3:16-cv-2982-BEN<br>　　　　　　3:13-cr-4514-BEN-10<br><br>**ORDER DENYING MOTION**<br>**[Doc. 1]** |

Movant Margaret Cano filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the motion is DENIED.

## I.　BACKGROUND

Margaret Cano was arrested on January 16, 2014 for aiding the Mexican Mafia in a RICO conspiracy. The Mexican Mafia worked to extort money and control the illegal narcotics trade in north San Diego County and various California state prisons. Cano's son, Isaac Ballesteros, was also charged in the conspiracy for his role as the Mexican Mafia's "key holder" in Donovan State Prison, which at the time, was the highest ranking position there. Working with Ballesteros, Cano coordinated the receipt and distribution of extortion and drug money on Ballestero's behalf by meeting with individuals to tender cash or transfer funds electronically.

1

| | |
|---|---|
| 1 | During a January 6, 2015 plea hearing held before Magistrate Judge Barbara Major |
| 2 | and pursuant to a plea agreement, Cano pled guilty to Count One of the Indictment for |
| 3 | violation of 18 U.S.C. § 1962(d) for Conspiracy to Conduct Enterprise Affairs Through a |
| 4 | Pattern of Racketeering Activity. In Cano's plea agreement, she expressly acknowledged |
| 5 | that she "waive[d], to the full extent of the law, any right to appeal or to collaterally attack |
| 6 | the conviction and sentence, including any restitution order." Doc. 206 at 11-12. |
| 7 | The parties jointly recommended the following Guidelines: |

**Group One – Conspiracy to Distribute Controlled Substances**
Base Offense Level [USSG §§ 2E1.1; 2D1.1(c)(6)]—22
Smuggling Drugs into Prison [USSG § 2D1.1(b)(4)]— +2
[One Unit, USSG § 3D1.4(a)]

**Group Two – Extortion**
Base Offense Level [USSG §§ 2E1.1(a)(2), 2B3.2(a)]—18
[1/2 Unit, USSG § 3D1.4(a)]

**Group Three – Money Laundering**
Base Offense Level [USSG § 2E1.1, 2D1.1(c)(6)]—19
[1/2 Unit, USSG § 3D1.4(a)]

**Grouping**
Group One Offense Level [USSG § 3D1.4(a)]—24
Increase for Two Units [USSG § 3D1.4(a)]— +2
Acceptance of Responsibility [USSG § 3D1.4(a)]— - 3

With a total offense level of 23 and a Criminal History Category of II, the resulting Guidelines Range was 51 to 63 months. During sentencing, the United States followed the plea agreement by recommending Cano be sentenced to the low end of the guidelines, as laid out above. In her sentencing memorandum, Cano requested a minor role reduction. Doc. 393 at 5-7. The United States and probation department did not recommend any adjustment, either up or down, for Cano's role. The Court agreed to the United States and probation department's calculations and recommendations and ultimately sentenced Cano

to 51 months, the low end of the guidelines to which Cano agreed in her plea agreement. Doc. 405.

The judgment was issued on September 17, 2015. Cano did not appeal her sentence. In December 2016, well beyond the one-year limitation for filing Section 2255 petitions, Cano filed the pending motion for habeas relief.

## II. DISCUSSION

Cano contends that Amendment 794 to the Sentencing Guidelines, which clarifies the determination of minor role, should be applied retroactively to cases on collateral review. In support, she relies upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). Cano's motion lacks merit for three independent reasons.

### A. Collateral Attack

The right to collaterally attack a sentence is a statutory right that a defendant may waive. *United States v. Abarca*, 985 F.2d 1012 (9th Cir. 1993). Such a "waiver is enforceable if appellant knowingly and voluntarily waives her rights and the language of the waiver covers the grounds raised on appeal." *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007). Cano's Plea Agreement contains a waiver provision within a section titled "DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK." The provision provides that Cano agreed to waive "to the full extent of the law, *any* right to appeal or *to collaterally attack* the conviction *and sentence*[.]" Doc. 206 at 11-12 (emphasis added). Cano further acknowledged that she had "discussed the terms of [the plea] agreement with defense counsel and fully [understood] its meaning and effect, and that she was "satisfied with counsel's representation." *Id.* at 13.

Here, Cano does not dispute that her waiver was knowing or voluntary. Nor can she. A magistrate judge concluded that Cano understood the plea agreement, including the "provision in that agreement that waives the right to appeal or to collaterally attack the conviction and sentence," and that Cano entered the plea "knowingly and voluntarily." Doc. 209. Cano did not object to the magistrate judge's conclusions, which this Court adopted. Doc. 222. Likewise, Cano does not and cannot dispute that the terms of her

waiver encompass the alleged error. *See id.* at 11-12 (agreeing to waive "any right . . . to collaterally attack the conviction and sentence"). Thus, the Court finds Cano waived her right to collaterally attack her sentence.

**B. Timeliness**

Even if Cano did not waive her right to collaterally attack her sentence, her claim additionally fails because her petition is time-barred. Since 1997, Section 2255 has had a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The statute begins to run at the latest of four possible dates, including "the date on which judgment of conviction becomes final" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2255(f)(1) and (3). Cano does not allege that any obstacle prevented her from filing her petition within the one-year limitations period. She also does not claim that her petition is based on newly discovered facts. Further, even if Cano were to contend that her claim encompasses a new right recognized by the Supreme Court's June 2015 decision in *Johnson v. United States*, her petition is still untimely because she filed it more than one year after *Johnson*. *See* Doc. 1 (reflecting filing date of December 5, 2016).

**C. Amendment 794's Retroactivity**

Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 and provided five factors courts should use to determine whether a defendant should be granted a minor role reduction. *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Cano contends that the Court must retroactively revisit her sentence because of Amendment 794, relying upon *United States v. Quintero-Leyva*. In *Quintero-Leyva*, the Ninth Circuit held that because Amendment 794 was intended as a clarifying amendment, it applies retroactively to direct appeals. *Id.* at 523. As discussed below, however, the law is clear that Amendment 794 to the Sentencing Guidelines does not apply retroactively to Section 2255 motions.

Cano's argument lacks merit for several reasons. First, Cano cannot bring her claim under Section 2255. Rather, she might have brought it under 18 U.S.C. § 3582(c)(2), which permits courts to modify sentences on the motion of a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." *See Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1993) (holding that a Section 2255 claim can be based only on a claim of constitutional error, an error resulting in a "complete miscarriage of justice," or a "proceeding inconsistent with the rudimentary demands of fair procedure"). In contrast, Section 2255 permits federal prisoners to file motions to set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As the Ninth Circuit has explained, despite collateral review under Section 2255 being "quite broad, it does not encompass all claimed errors in sentencing." *Hamilton*, 67 F.3d at 763 (internal quotation marks and citations omitted).

Moreover, even if this Court were to construe Cano's motion as a Section 3582 motion, her motion still fails because Amendment 794 is *not* retroactive for purposes of a Section 3582 motion. *See Quintero-Leyva*, 823 F.3d at 523 (holding Amendment 794 is a "clarifying amendment"); *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under Section 3582). Furthermore, even if Amendment 794 did apply retroactively, the Court has already considered Cano's Amendment 794 arguments and rejected them. During Cano's sentencing and prior to Amendment 794's final adoption by Congress, Cano made the same arguments about the proposed changes to the mitigated role guidelines, encompassed in Amendment 794. *See* Doc. 393 at 5-7 (Defendant's Sentencing Memo, filed 8/26/15) and Exhibit D. The sentencing judge, Judge Benitez, was not persuaded by those arguments then, and he is not persuaded now. Accordingly, Cano's motion to vacate due to Amendment 794 is DENIED.

### D. Certificate of Appealability

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," including by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (internal quotation marks and citations omitted). Because the issues in this case are clear and do not give rise to a question reasonably up for debate, a certificate of appealability is DENIED.

### III. CONCLUSION

For the previous reasons, Movant's motion is DENIED.

**IT IS SO ORDERED.**

DATED: January 30, 2020

HON. ROGER T. BENITEZ
United States District Court Judge